I agree with the majority that we should affirm the juvenile court's judgment. However, I would not reach the merits of the appellant's motion because the juvenile court lacked jurisdiction to address it.
The appellant filed her motion to change Christopher's surname under the authority of R.C. 3111.13 (C), which allows a juvenile court to order a name change in conjunction with a parentage action brought under R.C. Chapter 3111. See, generally, Bobo v. Jewell (1988),38 Ohio St.3d 330. This matter, however, did not involve parentage, since that issue had previously been determined administratively. Rather, it originated as an action by the father seeking an allocation of parental rights (i.e. custody and visitation) brought in juvenile court under R.C. 2151.23 (A) (2). The appellant "counter claimed" for child support and child birth expenses. She also filed a "motion" to change the child's surname. Parentage was not an issue, meaning that R.C. Chapter 3111 was not implicated. R.C. 3111.13 (C) therefore provided no authority for the juvenile court to entertain the appellant's motion. See West v. Nelson (Nov. 14, 1986), Lucas App. No. L-86-078, unreported.
Apart from a parentage action, R.C. 2717.01 provides another method of judicially changing a child's name. However, R.C. 2717.01 vests jurisdiction over a name-change application in the probate court. Cf. Bowen v. Thomas
(1995), 102 Ohio App.3d 196, 203 (holding that domestic relations court lacked jurisdiction to change child's name incident to a divorce proceeding addressing child custody and support issues). Neither R.C. 2717.01 nor R.C.2151.23, the statute designating juvenile court jurisdiction, confers jurisdiction over name-change matters on the juvenile court. Accordingly, I would hold that the juvenile court lacked jurisdiction over the appellant's motion and uphold the denial of the name-change request on that basis.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only with Opinion, Kline, P.J.: Concurs in Judgment Opinion.
For the Court
 ____________________________ Peter B. Abele, Judge